# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3626

_____

Willie Graves; Billy Hale;      *
Reginald Early; David Lewis,      *
     *
      Appellants,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Arkansas.
Larry Norris, Director, Arkansas      *
Department of Correction; et al.,      *    **[TO BE PUBLISHED]**
     *
      Appellees.      *

_____

Submitted: April 7, 2000
Filed: July 17, 2000

_____

Before LOKEN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Four Arkansas inmates appeal the district court's dismissal without prejudice of their 42 U.S.C. § 1983 action filed against various prison officials challenging various conditions of their confinement. The district court[1] dismissed the suit under 42 U.S.C. § 1997e(a) for failure to exhaust available prison administrative remedies. In their pro

_____

[1]The HONORABLE GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas.

se brief on appeal, plaintiffs admit "that they made a mistake in prematurely filing their lawsuit," but argue that the district court abused its discretion in dismissing the suit without prejudice because their prison grievances were in process when the suit was filed, and some grievances were administratively denied before the district court ruled.

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [§ 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." When multiple prison condition claims have been joined, as in this case, the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims. Here, it is apparent that at least some of the plaintiffs' many claims were not fully exhausted at the time the district court dismissed the action without prejudice.

Defendants filed a motion requesting an initial hearing en banc to consider whether our decision in Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir. 1999) -- that it is improper to dismiss without prejudice when available prison administrative remedies are exhausted "at the time the [district] court ruled" -- is contrary to the plain language of § 1997e(a) ("no action shall be *brought*"), as construed by a number of our sister circuits. See, e.g., Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 534-35 (7th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 525 U.S. 833 (1998); cf. Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998), cert. denied, 526 U.S. 1133 (1999). We need not address that issue because it is clear from the record that at least some of plaintiffs' claims were unexhausted when the district court ruled.

The court has denied defendants' motion for initial hearing en banc. We deny plaintiffs' responsive motion for appointment of counsel and an extension of time to reply. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.