# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1154EA

_____

Carol Thornton,                           *
                                          *
                 Appellant,               *
                                          *   On Appeal from the United
        v.                                *   States District Court
                                          *   for the Eastern District
Phillips County, Arkansas; Paffords       *   of Arkansas.
Ambulance; John Does, #1, 2 & 3 -         *
Officers of City of Helena, #4 & 5 -      *   [To Be Published]
Paramedics, Pafford Ambulance             *
Service,                                  *
                                          *
                 Appellees.               *

_____

Submitted: February 2, 2001
Filed: February 16, 2001

_____

Before RICHARD S. ARNOLD, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Carol Thornton brought a 42 U.S.C. § 1983 action against Phillips County, an ambulance service, and unknown police officers and paramedics. He alleged he was issued a jail jumpsuit that was too long, which caused him to trip and fall down the stairs, and when the paramedics arrived, they tried to put him on a stretcher while his foot was caught between the stairs, causing severe pain in his hips and lower back. The magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A(a), found

that Thornton had alleged no more than negligence, and recommended dismissal without prejudice for failure to state a claim.

Thornton objected to the magistrate judge's report, asserting that the paramedics intentionally tried to move him while his foot was caught between the stairs; and that when he was rolled in a wheelchair from the medical facility to the police car and he began to stand up, one of the police officers caught him by the neck and choked him, then chained him and threw him in the car, shutting the door on his head, neck, and legs. The District Court adopted the magistrate judge's report in its entirety and dismissed the complaint. Thornton appeals.

We conclude that Thornton's complaint as originally framed was subject to dismissal because it failed to state a claim. See Monell v. Dep't of Social Services, 436 U.S. 658, 691, 694 (1978); Estelle v. Gamble, 429 U.S. 97, 104, 106 (1976). We believe, however, that his objections to the magistrate judge's report should have been treated as a motion for leave to amend the complaint, see United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam).

The judgment is affirmed as to all defendants except the police officers. As to them, the judgment is reversed, and the cause remanded to the District Court to consider the motion for leave to amend, and to allow defendants to respond to the motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.