# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3896

_____

Jimmy L. Watson,                          *
                                          *
        Appellant,                        *
                                          *   Appeal from the United States
    v.                                    *   District Court for the Eastern
                                          *   District of Arkansas
Kim Luckett, Guard, Cummins Unit,         *
ADC (originally sued as Luckett);         *   [UNPUBLISHED]
Essie Cableton, Guard, Cummins            *
Unit, ADC (originally sued as E. M.       *
Carleton); Ray Hobbs, Director,           *
Arkansas Department of Correction;        *
Reed, Warden, Cummins Unit, ADC,          *
                                          *
        Appellees.                        *

_____

Submitted:  June 7, 2002

Filed:  June 12, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Jimmy L. Watson, an Arkansas prisoner, appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas, dismissing his 42 U.S.C. § 1983 action without prejudice for failure to exhaust administrative remedies. For the following reasons, we affirm the judgment of the district court.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 action challenging prison conditions unless he has exhausted available administrative remedies. See Porter v. Nussle, 122 S. Ct. 983, 988 (2002) (exhaustion is mandatory). In his complaint, Watson raised a Fourteenth Amendment claim concerning his continued confinement in punitive isolation after his disciplinary had been overturned and an Eighth Amendment claim concerning the conditions of confinement in punitive isolation. On appeal, Watson admits that the only two grievances he filed were the ones he had attached to his complaint--those dealing with his Fourteenth Amendment due process claim. Thus, we agree with the district court that Watson failed to exhaust his Eighth Amendment claim. See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam) (when multiple prison-condition claims have been joined, § 1997e(a) requires exhaustion as to all claims).

Accordingly, we affirm. We also deny Watson's renewed request for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerry Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.