# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2470

_____

| | | |
|---|---|---|
| Harvey Jones, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction; Arkansas | * | |
| Post Prison Transfer Board, Members, | * | |
| Board of Correction; Ray Hobbs, | * | |
| Assistant Director, Arkansas | * | Appeal from the United States |
| Department of Correction; Crystal | * | District Court for the Eastern |
| Woods, Classification Officer, | * | District of Arkansas. |
| Cummins Unit, ADC; Max Mobley, | * | |
| Deputy Director, Arkansas | * | [PUBLISHED] |
| Department of Correction; Oluyinka | * | |
| Adediji, Dr., Cummins Unit, ADC, | * | |
| originally sued as Adediji; M D Reed; | * | |
| Dottie Yarbrough, Grievance Officer, | * | |
| Cummins Unit, ADC, originally sued | * | |
| as Dottie Yardbrough; T Compton, | * | |
| Inmate Grievance Supervisor, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 18, 2002

Filed: October 9, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.
_____

PER CURIAM.

Harvey Jones, an Arkansas inmate, sued the Corrections defendants for incorrectly classifying him medically, assigning him an inappropriate job based on his medical needs, and failing to treat his medical needs. Jones is seeking reclassification from field duty because he claims his back, neck, right hand injuries and hemorroids cause him pain during this work. Jones's current medical classification notes Jones cannot grip with his right hand, but can accomplish field work. Jones filed multiple grievances requesting medical reclassification and job reassignment, but each grievance was denied. On June 6, 2000, the doctor examining Jones noted the tendon inflamation in Jones's right hand had improved and Jones's current restrictive classification seemed "excessive." Nevertheless, Jones was maintained at his current classification status.

The magistrate judge recommended denying Jones's motion for partial summary judgment and dismissing Jones's petition without prejudice for failing to exhaust prison grievance remedies against Mobley and Compton. Jones objected to the magistrate's report and recommendation, attaching copies of prison grievances against Mobley and Compton. The district court[*] referred the objections and prison grievance forms to the magistrate. The magistrate analyzed Jones's grievances, and recommended that Jones's complaint be dismissed without prejudice because the grievance forms did not show Jones had exhausted his prison remedies. First, the magistrate noted that the grievance forms were not submitted until after the lawsuit was filed. Second, the magistrate noted the grievances were returned without decision on the merits because Jones failed to follow proper grievance procedure.

_____

[*]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Thus, the grievances did not receive substantive review by prison authorities. After de novo review, the district court adopted the magistrate's recommendations and dismissed Jones's petition without prejudice for failure to exhaust all claims. Jones now appeals pro se. Having reviewed the district court's findings of fact for clear error and conclusions of law de novo, we affirm the dismissal of Jones's complaint. Walker v. Maschner, 270 F.3d 573, 576 (8th Cir. 2001).

The Prison Litigation Reform Act (PLRA) amendments to 42 U.S.C. § 1997e(a), mandate exhaustion of available administrative remedies before an inmate files suit. Booth v. Churner, 532 U.S. 731, 738-39 (2001). Because Jones's medical classification is unchanged, filing a proper grievance against all defendants remains an available remedy. Jones must exhaust prison grievances before filing suit in federal court. Maschner, 270 F.3d at 576-77. Thus, the district court correctly dismissed Jones's complaint without prejudice. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (dismissing petition when not all claims are exhausted).

Although Jones has not exhausted available grievance procedures, we nevertheless dismiss the complaint as frivolous under 42 U.S.C. § 1997e(c) (2000). A complaint is frivolous when it lacks an arguable basis in either law or fact. Nietzke v. Williams, 490 U.S. 319, 325 (1989). To succeed on his complaint, Jones must show defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). The record shows that Jones received 13 medical examinations in 2001, an evaluation to determine the need for reclassification, and recommendations to treat his muscular back pain with Tylenol. Defendants' responses to Jones's interrogatories support their assertions that Jones is being treated appropriately. To support his contentions, Jones signed affidavits restating conclusory allegations about his need for medical care and reclassification. Jones provided no evidence beyond these conclusory allegations, which are insufficient to create a question of material fact. At best, Jones's allegations state a difference in opinion between himself and his doctors or allege a mistake in

classification or treatment. Neither differences of opinion nor medical malpractice state an actionable Constitutional violation. <u>Estelle</u>, 429 U.S. at 105-06; <u>Smith v. Marcantonio</u>, 910 F.2d 500, 502 (8th Cir. 1990). In addition, the record shows that before the medical grievances, Jones filed a grievance for being required to work in the field without pay. Defendants assert Jones's medical complaints are an attempt to avoid the prison's work requirement. Jones has provided no evidence or affidavits to dispute this assertion.

We affirm the dismissal of Jones's complaint. Further, we agree with the magistrate judge that dismissal of Jones's complaint should be considered a strike within the meaning of 28 U.S.C. § 1915(g) (2000). <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-