# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1903

_____

James Daniel Kozohorsky, J.D.,          *
also situated and as applies,           *
                                        *
          Appellant,                    *
                                        *
     v.                                 *
                                        *
Greg Harmon, Warden at the Tucker       *
Maximum Security Unit at the ADC,       *    Appeal from the United States
Arkansas Department of Correction;      *    District Court for the
Kay Wade, CO II Mailroom                *    Eastern District of Arkansas.
Supervisor at MSU, Arkansas             *
Department of Correction; Kenneth       *
Frazier, Sgt. MSU, Arkansas             *
Department of Correction, originally    *
sued as Frazier,                        *
                                        *
          Appellees.                    *

_____

Submitted: April 18, 2003

Filed:  June 19, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

James Daniel Kozohorsky, an inmate at the Arkansas Department of Corrections Maximum Security Unit (Tucker), appeals the District Court's dismissal without prejudice of his 42 U.S.C. § 1983 action against various prison officials at Tucker for failure to exhaust prison administrative remedies. Although we agree with the District Court's decision to dismiss Kozohorsky's claims against Greg Harmon, the warden at Tucker, for failure to exhaust administrative remedies, we remand the case and instruct the District Court to grant Kozohorsky's motion to amend his complaint to strike his claims against Harmon.

## I.

In January 2000, Kozohorsky alleged various constitutional violations against officials at Tucker, including Harmon; Kay Wade, a correction officer at Tucker; and Kenneth Frazier, a sergeant at Tucker. Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a)-(b) (2000), the District Court screened his complaint and recommended dismissing all but the following claims: (1) claims against Frazier for allegedly burning Kozohorsky's arm and hand with a chemical substance and for retaliating against Kozohorsky by withholding notarization of certain affidavits and a grievance; (2) claims against Wade for refusing to mail some of his legal letters; and (3) claims against Harmon for refusing to take any action against Frazier for burning him, for failing to adequately train and supervise Frazier, and for retaliating against Kozohorsky for filing grievances. In July 2001, Harmon, Wade, and Frazier moved for judgment on the pleadings, arguing that, with respect to the claims against Harmon, Kozohorsky had not exhausted his administrative remedies and therefore the court should dismiss the entire action pursuant to 42 U.S.C. § 1997e(a) (2000). A Magistrate Judge held a hearing on the motion and recommended dismissing without prejudice Kozohorsky's entire suit for failure to exhaust administrative remedies for his retaliation and failure-to-supervise claims against Harmon. The Magistrate Judge found that Kozohorsky submitted only one exhausted grievance in his complaint, the grievance against Frazier.

In his objections to the Magistrate Judge's report and in a separate motion, Kozohorsky requested that if the District Court determined Harmon was not a proper defendant, the District Court should allow him to amend the complaint and dismiss the claims against Harmon. After receiving Kozohorsky's motion to amend, a deputy clerk for the United States District Court for the Eastern District of Arkansas struck through the title of the motion to amend and renamed it "Supplement to the Objections," and then docketed the motion under this new title. The deputy clerk made the title change to the motion at the request of one of the District Court's law clerks. On March 5, 2002, without explicitly ruling on Kozohorsky's motion to amend his complaint, the District Court adopted the findings and recommendations of the Magistrate Judge and dismissed Kozohorsky's complaint without prejudice. This appeal followed.

II.

Kozohorsky first argues that the District Court erred in dismissing his complaint for failure to exhaust administrative remedies with respect to his claims against Harmon. We review the District Court's findings of fact for clear error and conclusions of law de novo. See Jones v. Norris, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam).

Under § 1997e(a), a prisoner cannot bring a § 1983 action with respect to prison conditions "until such administrative remedies as are available are exhausted." See Porter v. Nussle, 534 U.S. 516, 524 (2002). We have previously held, as is the case here, that "[w]hen multiple prison condition claims have been joined . . . the plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to *all* of the claims." Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam) (emphasis added). Because Kozohorsky did not exhaust his administrative remedies on his failure-to-supervise claim against Harmon, he failed

to exhaust all available administrative remedies as to all of his claims.[1] See id. at 885–86 (holding dismissal proper where at least some of plaintiff's claims were unexhausted when the district court ruled).

Despite this defect in Kozohorsky's complaint, we believe the District Court abused its discretion by implicitly denying his motion to amend the complaint. See Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871(8th Cir. 2002) (noting abuse-of-discretion standard applies to a denial of a motion for leave to amend). Kozohorsky's request to amend his complaint and dismiss Harmon would have cured the defect necessitating the dismissal. Our decision here is guided by Rose v. Lundy, 455 U.S. 509 (1982), which addressed the exhaustion requirements for habeas corpus petitions. In that decision, the Supreme Court adopted "a total exhaustion rule," which required district courts to dismiss "mixed petitions" (i.e., petitions that contain both exhausted and unexhausted claims). Id. at 510, 522. The Supreme Court stated that after a district court dismisses such a mixed petition, the plaintiff could then return to state court to exhaust his claims *or* file an amended petition in federal court including only exhausted claims. Id. at 510. We think that the rule permitting a plaintiff to file an amended petition, which includes only exhausted claims, is applicable here. In fact, we have previously approved this practice in prison condition cases. See Thornton v. Phillips County, Ark., 240 F.3d 728, 729 (8th Cir. 2001) (per curiam) (remanding case to the District Court for consideration of plaintiff's objections to magistrate

[1]Kozohorsky makes the novel argument that by the time he came to believe he was the victim of retaliation by Harmon, he could not amend his existing grievance against Frazier to include his retaliation and failure-to-supervise claims against Harmon. Brief of the Appellant at 13, 16. This may be true of his retaliation claim, but it certainly is not true of his failure-to-supervise claim. The record is clear that Kozohorsky failed to exhaust his administrative remedies on this claim. Kozohorsky's grievance against Frazier does not contain any allegation that Harmon failed to adequately train and supervise Frazier and we see no reason Kozohorsky could not have included this claim at the time he filed his grievance against Frazier.

judge's report because the objections should have been treated as a motion for leave to amend complaint).

Moreover, we can think of no reason why Kozohorsky's motion to amend should be denied. Based on the record before us, we must assume that the District Court was aware of Kozohorsky's request to amend the complaint. We have previously held that "absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted." Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). None of these reasons to deny an amendment is present here. First, the deletion of Harmon as defendant would not have required any additional discovery or changed any of the pretrial deadlines or trial schedule. Second, Kozohorsky was not attempting to add any claims or defendants. Third, Kozohorsky has not previously amended his complaint, and it does not appear he showed any bad faith in failing to dismiss Harmon earlier. Finally, the deletion of Harmon would have cured the defect requiring the dismissal of his complaint.

Accordingly, we conclude that the District Court's implicit denial of Kozohorsky's motion to amend was an abuse of discretion, and we reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.