# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-1534

———————

James Charles Fudge,                         *
                                             *
            Appellant,                       *
                                             *
      v.                                     *    Appeal from the United States
                                             *    District Court for the
Larry May, Assistant Deputy Director,        *    Eastern District of Arkansas.
ADC; Greg Harmon, Warden,                    *         [UNPUBLISHED]
Maximum Security Unit, ADC; A.               *
Bradley, Sgt., Maximum Security Unit,        *
ADC; L. Engstrom, LPN, Correctional          *
Medical System; Steve Outlaw,                *
Assistant Warden, Maximum Security           *
Unit, ADC; Richard Wimberly, Major,          *
Chief of Security, Varner Super Max,         *
ADC; R. Bailey, Lt., Commander of            *
Security, Varner Super Max, ADC;             *
Ricky Anthony, Lt., Isolation Shift          *
Commander, Varner Super Max, ADC,            *
originally sued as Ricky Anthoney;           *
Chris Kirby, Sgt./Lt., Zone Supervisor       *
of Isolation, Varner Super Max, ADC,         *
                                             *
            Appellees.                       *

———————

Submitted: December 5, 2003

Filed: December 19, 2003

———————

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate James Fudge appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action naming eight employees of the Arkansas Department of Correction (ADC) and Correctional Medical Services nurse L. Engstrom. He alleged that he was falsely accused of a violation involving his food tray, was placed in segregation without any investigation into the accusation, and was placed for seven days on alternative meals, which were inconsistent with his medical diet and caused him to be sick. He claimed that these actions were retaliatory and violated the Eighth and Fourteenth Amendments and prison regulations.

The court granted summary judgment to Engstrom because Fudge did not show that she was deliberately indifferent to his health and safety. We agree. Fudge did not dispute Engstrom's evidence that there was no medical reason why he could not be placed on the alternative diet, and he presented no evidence of being "starv[ed]" or otherwise injured as a result of the diet. See Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (to prevail on denial-of-medical-treatment claim, inmate must show he had objectively serious medical need, and prison official knew of and deliberately disregarded that need); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) (in face of medical records indicating that treatment was provided, and physician affidavits indicating that care provided was adequate, inmate cannot create fact question by merely stating personal belief that treatment received was inadequate).

_____

[1]The Honorable Henry L. Jones, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

As to the ADC defendants, the court granted summary judgment because Fudge failed to exhaust his administrative remedies as to all of his claims against all of the defendants. We agree. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002) (administrative exhaustion is prerequisite to § 1983 prison-conditions lawsuit even if administrative remedies are not plain, speedy, and effective, and relief inmate seeks is not available); Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000) (per curiam) (dismissal proper where at least some of plaintiff's claims were unexhausted). We note that under the prison's grievance procedure, Fudge can no longer timely file grievances relating to events that occurred in 2000.

Accordingly, we affirm the judgment as to Engstrom. As to the ADC defendants, we affirm the judgment, but we modify the dismissal to be without prejudice so that Fudge may file in the district court a complaint that includes only his exhausted claims.

_____