# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3739

_____

| | | |
|---|---|---|
| George E. Nixon, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Michael Kemna; Steve Lakey; Mark | * | |
| Clark; Alysia Dale; Donna Roberts- | * | [UNPUBLISHED] |
| Wornell; Gary Kempker; Joseph Jay | * | |
| Cassady; Julie Rivera Rush; Irvin; | * | |
| Ronald L. Ellis; Hurley; Farley; | * | |
| Morgan; Jean Yount; Robert Michael, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 3, 2004

Filed: June 9, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Missouri inmate George E. Nixon appeals the district court's[1] orders dismissing his 42 U.S.C. § 1983 action. Having carefully reviewed the record, we conclude that

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

the district court was required to dismiss Mr. Nixon's lawsuit for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a) (prisoner shall not bring § 1983 prison-conditions lawsuit before exhausting available administrative remedies); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (dismissal required when inmate has not administratively exhausted before filing lawsuit); Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000) (per curiam) (dismissal proper where at least some of claims were unexhausted).

Accordingly, we need not address Mr. Nixon's remaining arguments on appeal, and we affirm, but we modify the dismissal to be without prejudice as to all of Mr. Nixon's claims. See Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001). We also deny Mr. Nixon's pending motions.

_____