# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1593

———————

John Dasta,    *

     *

     Appellant,    *

     *    Appeal from the United States

   v.    *    District Court for the

     *    District of Minnesota.

W. I. LeBlanc, Jr.; Dr. R. Ilvedson;    *

Howard Nelson; Bernie Richards; Julie    *    [UNPUBLISHED]

Hayes; Jorge Castaneda; Alicia R.    *

Souvignier; Bobby Shearin; Dr.    *

Moubarek; Isam Elayan; Dr. Leonardo    *

F. Giron; Lori Sines; Mr. Poisinaire;    *

Todd Genzer; Harley G. Lappin; Kathy    *

Jones; Gary Richards; Thomas B.    *

Heffelfinger; John Ashcroft; Unknown    *

U.S. Marshals,    *

     *

     Appellees.    *

———————

Submitted: May 18, 2005
Filed: May 24, 2005

———————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

     Federal inmate John Dasta appeals the district court's 28 U.S.C. § 1915A(b)(2) dismissal of his lawsuit. Dasta, then an inmate at the Federal Medical Center in

Rochester, Minnesota (FMC-Rochester), filed his original complaint in the District Court for the District of Columbia. After the case was transferred to the District of Minnesota, Dasta filed an amended complaint, wherein he sought damages and declaratory and injunctive relief from various defendants, including multiple employees and officials at FMC-Rochester and a federal correctional facility in Cumberland, Maryland (FCI-Cumberland). Citing 42 U.S.C. § 1983,[1] he claimed deliberate indifference to his serious medical needs, retaliation, and denial of due process and equal protection; he also asserted state-law claims of negligence and medical malpractice. He did not explain the basis for his claims, or particular defendants' involvement, but generally alleged he needed an operation to correct and relieve severe back, hip, and leg pain.

A magistrate judge recommended dismissing Dasta's complaint with prejudice under section 1915A(b), concluding Dasta had failed to state an actionable claim against any defendant, given the absence of factual allegations detailing or describing the events from which the claims arose. In objecting to the magistrate judge's report, Dasta offered exhibits--primarily grievances and responses thereto, along with medical records--which he asserted had been part of his original complaint but, it appeared, the magistrate judge had not considered. Aside from offering the exhibits, he made more general allegations about inadequate medical care and delays in treatment. The district court adopted the magistrate judge's report over Dasta's objections. Having conducted de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we affirm in part and reverse in part.

We are troubled by the district court's apparent failure to consider the exhibits Dasta offered with his objections. Whether the exhibits were in fact a part of the

---

[1]Dasta's claims against federal defendants should have been brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

original complaint, or instead constituted a motion for leave to amend, they explained the basis for Dasta's claims against certain defendants. See Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (materials attached as complaint exhibits may be considered when construing sufficiency of complaint on motion to dismiss); Thornton v. Phillips County, Ark., 240 F.3d 728, 729 (8th Cir. 2001) (per curiam) (remanding for consideration of objections to magistrate judge's report as motion for leave to amend, where objections provided basis for § 1983 claims); Cooper, 189 F.3d at 783 (pleadings must at minimum give defendant sufficient notice of claim); Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (per curiam) (pro se complaints should be liberally construed).

Taking the exhibits into consideration, we conclude Dasta stated the following claims against named defendants: that his physician at FCI-Cumberland, Dr. Giron, committed medical malpractice, and was deliberately indifferent to Dasta's unstable, worsening, and painful back condition, see Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999); that FCI-Cumberland Warden Bobby Shearin turned a blind eye to Dr. Giron's deliberate indifference, see Ottman v. City of Independence, Mo., 341 F.3d 751, 761 (8th Cir. 2003); that FMC-Rochester Officer Hayes retaliated against Dasta for filing grievances by conducting a search, see Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (otherwise proper acts are actionable under § 1983 if done in retaliation for grievances filed under established prison grievance procedure); and that FMC-Rochester Officers Howard Nelson and Bernie Richards were deliberately indifferent when they ignored the postoperative orders of Dasta's surgeon, and disregarded his injured shoulder, while transporting Dasta to the Mayo Clinic for an appointment, see Robinson v. Hager, 292 F.3d 560, 563-64 (8th Cir. 2002) (deliberate indifference may be manifested by prison guards who intentionally interfere with prescribed treatment).

Accordingly, we reverse and remand for further proceedings as to the listed claims. We otherwise affirm the section 1915A(b) dismissal.

_____