**Michael HILL, Plaintiff,**

v.

**Gary THALACKER, Gregory Goodhue, Michael Bartknecht, Terry Card and John Shook, Defendants.**

No. 04–C–732–C.

United States District Court, W.D. Wisconsin.

Nov. 15, 2005.

See also, 2005 WL 1847227.

Michael Hill, pro se.

Steven P. O'Connor, Assistant U.S. Attorney, Madison, WI, for Defendants.

OPINION and ORDER

CRABB, District Judge.

This is a civil action for monetary relief brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and 28 U.S.C. § 1331. In an order dated November 22, 2004, I granted plaintiff Michael Hill leave to proceed on the following claims arising out of his incarceration at the Federal Correctional Institution in Oxford, Wisconsin: (1) defendants Gary Thalacker, Terry Card and John Shook denied plaintiff a

pay grade promotion because of his race in violation of the Fifth Amendment; (2) defendants Thalacker, Card, Shook, Gregory Goodhue and Michael Bartknecht retaliated against plaintiff for filing an administrative grievance about the allegedly discriminatory promotional practices in violation of the First Amendment; and (3) all defendants unlawfully conspired to retaliate against plaintiff for filing a grievance.

■ This case is presently before the court on plaintiff's motion to dismiss and defendants' motion to dismiss or in the alternative for summary judgment. Plaintiff requests voluntary dismissal of his retaliation and conspiracy claims because he failed to exhaust the grievance procedures as to these claims before bringing his suit in this court. For the same reason, plaintiff asks for leave to dismiss defendants Card and Shook from his claim of race discrimination. Because defendants do not object to plaintiff's motion to dismiss, it will be granted. Accordingly, the only claim remaining before the court is plaintiff's race discrimination claim against defendant Thalacker.

Defendant asks the court to dismiss plaintiff's race discrimination claim under the total exhaustion rule or, in the alternative, to grant him summary judgment on the claim. Because defendant's motion to dismiss under the total exhaustion rule raises a question of law only, I will address this motion first.

Defendant concedes that plaintiff exhausted his administrative remedies with respect to the race discrimination claim against him. Nonetheless, defendant asks the court to dismiss the claim in accordance with a total exhaustion rule requiring that in prison conditions cases, when one claim must be dismissed for failure to exhaust administrative remedies, then *all* claims must be dismissed, regardless whether the other claims were exhausted. Defendant cites *Graves v. Norris*, 218 F.3d 884 (8th Cir.2000) and *Ross v. Bernalillo*, 365 F.3d 1181 (10th Cir.2004) in support of his motion. In these two cases, the Courts of Appeals for the Eighth and Tenth Circuits held that when an inmate fails to exhaust some of the claims in his complaint, § 1997e(a) requires dismissal of the entire lawsuit, including exhausted claims.

I have declined previously to follow the Eighth and Tenth Circuits with respect to the total exhaustion rule and do so again today. In *Henderson v. Sebastian*, 2004 WL 1946398, 2004 U.S. Dist. LEXIS 17581 (W.D.Wis. Aug. 25, 2004), I stated, "because the Court of Appeals for the Seventh Circuit has at least tacitly approved partial dismissals and because I conclude that dismissal of 'mixed' actions is neither mandated by § 1997e(a) nor consistent with its objective, I will not dismiss plaintiff's exhausted claim. . . ." The Court of Appeals for the Second Circuit reached the same conclusion and ruled in *Ortiz v. McBride*, 380 F.3d 649, 663 (2d Cir.2004), that the presence of unexhausted claims in the complaint does not require the court to dismiss the action in its entirety. Therefore, I will deny defendant's motion to dismiss.

However defendant Thalacker's motion for summary judgment on plaintiff's Fifth Amendment claim will be granted because plaintiff failed to adduce evidence that defendant discriminated against him because of his race. In determining the material and undisputed facts, I have disregarded those proposed findings of fact and responses that constitute legal conclusions, are argumentive or irrelevant, are not supported by the cited evidence or are not supported by citations specific enough to alert the court to the source for the proposal. In particular, I note that plaintiff attempted to dispute key facts proposed by defendant but failed to cite specific evidence in the record to support his posi-

tion. For example, in plaintiff's response to defendant's proposed facts, plaintiff failed to cite evidence to support his objections to several of defendant's proposed facts. In attempting to dispute defendant's first proposed fact, plaintiff wrote "See Attached," which most likely referred to his brief in opposition to defendant's motion for summary judgment. However, a brief is not evidence and plaintiff did not cite specific, admissible evidence to dispute defendant's proposed facts. Because plaintiff's response consisting of "See Attached" was insufficient under this court's procedures governing motions for summary judgment, I am required to disregard his objections in several instances and accept defendant's proposed facts as true. From the parties' proposed findings of fact and the record, I find the following to be material and undisputed.

## UNDISPUTED FACTS

### A. The Parties

Plaintiff Michael Hill is an inmate incarcerated in the Federal Correctional Institution in Oxford, Wisconsin. Plaintiff was housed in Oxford at all times relevant to this action. Defendant Gary Thalacker has been employed as a factory foreman at the Federal Prison Industries Factory at the Oxford institution since July 1989.

### B. The Federal Prison Industries Factory

The Federal Prison Industries Factory is a cable manufacturing factory associated with Federal Prison Industries' Electronics Business Group. The factory operates inside the Oxford institution and employs inmates. The factory has a 5 tier pay schedule for inmates. A grade 5 worker is an unskilled entry level worker whose salary is $0.23 per hour. At the other end of the scale, a grade 1 worker earns $1.15 per hour. Additionally, inmates are entitled to a variety of bonuses and other benefits, such as vacation or longevity pay. Plain-

tiff was first employed by the factory as an electronics assembler on November 17, 2000, at a pay grade 5.

### C. Plaintiff's Work History at the Factory

During the first fifteen months of his employment plaintiff exhibited good behavior on the job and received generally positive performance reviews. He was promoted several times and achieved pay grade 2 status on February 1, 2002. Following his promotion to pay grade 2, plaintiff was assigned to the factory "clean room," which is an area separate from the main production floor where sensitive wiring projects are completed. The clean room consists of numerous work stations where inmates assemble sophisticated cables such as semi-rigid coaxial cable and other electronic devices. Defendant Thalacker wanted plaintiff to learn the skills necessary to be considered for promotion to pay grade 1. Plaintiff's initial assignment in the clean room was to close out operations, which included attaching boots to electronic cables and shrinking protective sleeving to completed components.

In early 2003, plaintiff was told that although he was doing well he was not progressing in a manner that would lead to a promotion to pay grade 1. Defendant Thalacker told plaintiff that he needed to learn how to follow instructions in blueprints, contracts and specifications in order to learn how to assemble cables and electronic components. For much of 2003, plaintiff's work remained consistent, but he continued to show no initiative and no interest in learning the skills required to progress to pay grade 1. Defendant Thalacker instructed plaintiff repeatedly that he needed to learn to communicate better with staff and other inmates and to develop the necessary skills in order to be promoted.

On March 8, 2004, plaintiff submitted a Request for Administrative Remedy to prison officials. Plaintiff's grievance included various complaints about the staff in the factory and alleged that he was not promoted to pay grade I because of racial discrimination. Plaintiff's grievance was denied at the Oxford institution, at the regional level and ultimately at the central office for national inmate appeals.

On August 6, 2004, plaintiff spoke with defendant Thalacker for the first time about the requirements for promotion to grade 1. Because of plaintiff's improved behavior in the factory and his interest in learning the requisite skills, in October 2004, plaintiff was assigned a "contract," which is an assembly manual for particular types of cables. Experience with using and following instructions in a contract is a necessary step before promotion to pay grade 1. Defendant Thalacker placed plaintiff under the supervision of pay grade 1 and premium pay grade inmates in order to ensure plaintiff's progress.

Plaintiff had anticipated that he would complete five cables using his new contract by November 2004. At the end of November, defendant Thalacker reviewed plaintiff's performance with the contract and noted that his production goals had not been achieved. Defendant Thalacker assigned more pay grade 1 inmates to continue to help plaintiff follow his contract. Plaintiff made a substantial effort to learn and develop his skills and his progress with his contract improved significantly. Defendant Thalacker recommended plaintiff for a promotion to pay grade 1 on or about December 26, 2004, and plaintiff was promoted on January 1, 2005.

### D. Statistics

One out of every 2.6 inmates employed at the factory is African American. One out of every 2.1 pay grade 1 inmates assigned to work in the clean room is African American. This ratio is reflective of the racial composition of the factory as a whole.

### OPINION

#### A. Fifth Amendment Equal Protection

■ Absent a compelling state interest, racial discrimination in prisons violates inmates' constitutional guarantee of equal protection of the law. *Black v. Lane,* 824 F.2d 561, 562 (7th Cir.1987) (African American inmate stated cause of action by alleging racial discrimination in assignment of prison jobs). Because plaintiff is challenging the actions of a federal official rather than a state actor, the equal protection analysis must proceed under the Fifth and not the Fourteenth Amendment. The Fifth Amendment does not contain an equal protection clause, but the United States Supreme Court has held that the amendment's due process clause prevents the federal government from "engaging in discrimination that is 'so unjustifiable as to be violative of due process.' " *Schlesinger v. Ballard,* 419 U.S. 498, 500, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975) (quoting *Bolling v. Sharpe,* 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954)). *See also Nicholas v. Tucker,* 114 F.3d 17, 19 (2d Cir.1997) ("the standards for analyzing equal protection claims under either amendment are identical").

■ The equal protection clause of the Fifth or Fourteenth Amendments prohibits government actors from applying different legal standards to similarly situated individuals. *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). To prove a race discrimination claim, a plaintiff must produce evidence showing that as a racial minority he was treated differently from similarly situated caucasian inmates and that the defendant acted with a discriminatory purpose or intent. *Minority*

*Police Officers Ass'n v. South Bend,* 801 F.2d 964, 966 (7th Cir.1986). Discriminatory intent may be established by showing an unequal application of a prison policy or system, but conclusory assertions of racism are insufficient. *Id.* at 967 (citing *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361, 367 (7th Cir.1983)).

Plaintiff argues that defendant Thalacker participated in racially discriminatory practices by substantially delaying his promotion to pay grade 1. Although plaintiff contends in his brief that his Caucasian coworkers with less experience were promoted before he was he has provided no evidence to support this contention. Instead, the facts reveal that plaintiff did not have the required skills for promotion to pay grade 1 until December 2004. Although plaintiff always received generally positive evaluations for the work he performed, he did not begin to learn specific skills necessary for promotion until 2004.

Even if plaintiff had produced evidence that two Caucasian inmates were promoted before he was, he could not defeat summary judgment unless he provided evidence that the Caucasian inmates were similarly situated to him for purposes of an equal protection analysis.

Moreover, plaintiff has failed to show that the factory engaged in the unequal application of a prison policy. There is no evidence in the record that the factory engaged in systematic discrimination against African Americans. Because plaintiff has failed to present evidence necessary to show that defendant Thalacker discriminated against him because of his race, defendant Thalacker's motion for summary judgment will be granted.

ORDER

IT IS ORDERED that

1. Plaintiff is GRANTED leave to dismiss voluntarily his retaliation and conspiracy claims against defendants Thalacker, Goodhue, Bartknecht, Card and Shook, and his race discrimination claim against defendants Card and Shook. These claims are DISMISSED without prejudice.

2. Defendant Gary Thalacker's motion for summary judgment is GRANTED with respect to plaintiff's claim of race discrimination. The dismissal of this claim is with prejudice. The clerk of court is directed to enter a judgment of dismissal and close this case.