**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH R. PHILLIPS-BEY,

      Plaintiff-Appellant,

    v.

CLIFFORD BARNARD, Unit
Manager; RON CHAMPION,
Warden of Security; and MR.
DORAWASS, Institutional
Property Room Supervisor,

      Defendants-Appellees.

No. 06-6022

(W.D. Oklahoma)

(D.C. No. 04-CV-1116-M)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(A)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joseph R. Phillips-Bey, an Oklahoma state prisoner proceeding *pro se*, appeals the district court's dismissal of his claims, which alleged under 42 U.S.C. § 1983 that the prison official-defendants: (1) violated his First Amendment right to free exercise of religion and discriminated against him because of his religion, in violation of the Equal Protection Clause of the Fourteenth Amendment; (2) failed to provide him an opportunity to be heard with respect to a disciplinary hearing and refused to return an allegedly confiscated radio, in violation of the Due Process Clause of the Fourteenth Amendment; and (3) forced him to remain in protective custody, in violation of the Eighth Amendment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's dismissal without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

## I. BACKGROUND

Mr. Phillips-Bey alleges various constitutional violations that arise out of distinct events. With respect to his first claim, abridgement of his First Amendment right to free exercise of religion and his Fourteenth Amendment right to equal protection, Mr. Phillips-Bey contends that he was denied the opportunity for fellowship with other Muslims, and that the defendants did not allow him "to receive Islamic reading materials or prayer rugs and headdress materials." Aplt's Br. at 3. Additionally, he alleges that he was treated differently from other similarly-situated inmates who were permitted to exercise their religion.

2

Regarding his second claim, alleging violations of his Fourteenth Amendment Due Process rights, Mr. Phillips-Bey contends that prison officials violated his due process rights by failing to provide him adequate notice and a hearing regarding disciplinary charges and by refusing to return a radio they had confiscated from his cell.

Finally, with respect to his third claim, Mr. Phillips-Bey alleges that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by transferring him to protective custody and out of the general prison population.

In a thorough report and recommendation, the magistrate judge recommended dismissal of all claims, finding that Mr. Phillips-Bey had failed to state a claim upon which relief could be granted and that he had also failed to exhaust all available administrative remedies. The district court adopted the report and recommendation, and dismissed Mr. Phillips-Bey's complaint without prejudice under 42 U.S.C. § 1997e(a). This appeal followed.

## II. DISCUSSION

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). We also review de novo a district court's dismissal of a complaint for failure to exhaust administrative remedies. *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). We accept the allegations in the complaint as true, and make all

3

reasonable factual inferences in Mr. Phillips-Bey's favor.  *Martinez*, 430 F.3d at 1304.  Additionally, we must construe his arguments liberally because he is pro se.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Although the magistrate judge and district court examined whether Mr. Phillips-Bey had stated a claim for relief, as well as whether he had properly exhausted his administrative remedies, "we may affirm on any grounds supported by the record."  *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994).  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The prisoner must exhaust all administrative remedies available even if administrative procedures "would appear to be futile at providing the kind of remedy sought."  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

We agree with the magistrate judge and the district court that Mr. Phillips-Bey failed to exhaust his administrative remedies with respect to at least one of his claims.  The Oklahoma Department of Corrections ("ODOC") has outlined a multi-step process inmates must use to exhaust their administrative remedies.  *See* ODOC Policy OP-090124.  A prisoner must first file a Request to Staff within seven days of the incident.  *Id.* OP-090124(IV).  If the prison's response is unsatisfactory or if the prisoner does not receive a response within 30 days, the prisoner must file a Grievance Report Form.  *Id.* OP-090124 (IV)(B)(5); OP-

4

090124(V).

With respect to Mr. Phillips-Bey's first claim, that prison officials prevented him from exercising his First Amendment rights, the record contains numerous Requests to Staff alleging that various officials were denying him the ability to practice his religion. *See, e.g.,* Rec. doc. 31, Attach. B, at 5 (Request to Staff, dated Dec. 17, 2003). However, Mr. Phillips-Bey never submitted a Grievance Report Form on this issue, as required by the ODOC policies. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032.

Mr. Phillips-Bey contends on appeal that the district court erred by dismissing the entirety of his complaint, rather than deciding "to grant [the defendants' motion to dismiss] in part and deny [it] in part," Aplt's Br. at 3. He maintains that he did, in fact, exhaust his administrative remedies with respect to his due process claims.

Mr. Phillips-Bey is simply mistaken about the law in this circuit: when a prisoner chooses to bring multiple claims regarding prison conditions, "§ 1997e(a) requires that all available prison grievance remedies must be exhausted as to *all of the claims*. . . . [T]he presence of unexhausted claims . . . require[s] the district court to dismiss [an] action in its entirety without prejudice." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-89 (10th Cir. 2004) (internal quotation

5

marks omitted) (emphasis added); *see also Patel,* 415 F.3d at 1109 ("'When multiple prison condition claims have been joined . . . § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.'" (quoting *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam))).

## III. CONCLUSION

Because Mr. Phillips-Bey failed to exhaust his administrative remedies with respect to at least one of his claims, we AFFIRM the district court's dismissal of the entirety of his complaint without prejudice. We grant Mr. Phillips-Bey's motion to pay his filing fee in partial payments and remind him of this continuing obligation.

Entered for the Court

Robert H. Henry
Circuit Judge