# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2875

_____

Brian Hughes,                            *
                                         *
         Appellant,                      *
                                         *   Appeal from the United States
    v.                                   *   District Court for the
                                         *   Eastern District of Arkansas.
James Banks, Warden, North Central       *
Unit, ADC; Darryl Golden, Assistant      *   [UNPUBLISHED]
Warden, North Central Unit, ADC;         *
Curtis Meizner, Major, North Central     *
Unit, ADC; Ronald Gillihan, Captain,     *
North Central Unit, ADC; Eddie           *
Selvey, Captain, North Central Unit,     *
ADC; David Beaty, Lt., North Central     *
Unit, ADC; Marvin Baird, Lt., North      *
Central Unit, ADC; William Truax,        *
Sft., North Central Unit, ADC;           *
Stanley Robinson, Sft., North Central    *
Unit, ADC; Diane Peppers, Sgt., North    *
Central Unit, ADC; Chester Pool, Sft.,   *
North Central Unit, ADC; Patrick         *
Miller, Sgt., North Central Unit, ADC;   *
Ronald Klein, Corporal, North Central    *
Unit, ADC; Edward Yarnell, Corporal,     *
North Central Unit, ADC; C. E.           *
Johnson, Corporal, North Central Unit,   *
ADC; Sam Guiltner, Corporal, North       *
Central Unit, ADC; Steven Gill,          *
Corporal, North Central Unit, ADC;       *
Larry Norris, Director, Arkansas         *
Department of Correction; Ray Hobbs,     *
Chief Deputy Director, Arkansas          *

Department of Correction; Larry May,   *
Manager, North Central Unit, ADC,   *
                                                     *
           Appellees.                         *

_____

Submitted: May 28, 2008
Filed: September 3, 2008
_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

Arkansas inmate Brian Hughes appeals the district court's 28 U.S.C. § 1915A dismissal of his 42 U.S.C. § 1983 action for failure to state a claim, and has moved to proceed in forma pauperis (IFP) on appeal. We grant Hughes's motion to proceed IFP, see Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam), and we affirm in part and reverse in part.

In his complaint and attachments, Hughes claimed defendants violated his right to substantive and procedural due process, equal protection, and free exercise of religion, and subjected him to cruel and unusual punishment under the Eighth Amendment. His claims were based on his allegations that, following a confrontation with guards, he was issued a disciplinary report and placed on staff-precaution status, under which he was required to kneel, face the wall, and place his hands behind his back when guards delivered his meals. Each time he refused to comply with the staff-precaution procedure when the guards asked him to do so, he was not given a meal, which caused him to miss meals during Ramadan.

The magistrate judge screened the complaint pursuant to section 1915A, and recommended dismissing it for failure to state a claim. In particular, the magistrate judge concluded that Hughes had not explained how staff-precaution status implicated due process, and that being required to kneel, face the wall, and place his hands

-2-

behind his back for short periods of time did not amount to cruel and unusual punishment. Hughes filed written objections, complaining that the magistrate judge had not addressed all his claims. As relevant, he asserted that Caucasian and African American inmates on staff-precaution status were treated differently: a Caucasian inmate received meals in his cell regardless of his compliance with the staff-precaution requirements, and if he missed three consecutive meals, he was advised of the hunger-strike policy and dangers to his health from not eating and was medically monitored, whereas when Hughes (who is African American) did not comply with the staff-precaution requirements, he received no meal, and when he missed three consecutive meals he was not advised of the hunger-strike policy or dangers to his health and he was not medically monitored.[1] The district court adopted the magistrate's report in its entirety.

We find that the due process and free exercise claims were properly dismissed. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints are to be liberally construed, but they must allege sufficient facts to support claims advanced); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review of § 1915A dismissal). However, we conclude that because Hughes's objections reframed the bases for his Eighth Amendment and equal protection claims, they should have been treated as a motion for leave to amend the complaint. See Thornton v. Phillips County, Ark., 240 F.3d 728, 729 (8th Cir. 2001) (per curiam).

---

[1]Hughes's objections reiterated assertions contained in attachments to his complaint, including affidavits and grievance responses. See Fed. R. Civ. P. 10(c) (copy of written exhibit to pleading is part of pleading for all purposes); Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (court may consider exhibits attached to complaint in determining if complaint states claim for relief).

Accordingly, we affirm the dismissal of the due process and free exercise claims, and we remand to the district court to consider the motion for leave to amend, and to allow defendants to respond to the motion.

_____