# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2239

_____

Michael Collins Iheme

*Plaintiff - Appellant*

v.

Warden Michelle Smith, Stillwater Prison, Minnesota; Tony Forchas, MINNCOR Director

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: September 6, 2013
Filed: September 11, 2013
[Unpublished]

_____

Before BENTON, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Minnesota inmate Michael Collins Iheme appeals the district court's pre-service dismissal of his civil action against prison officials at the Stillwater Correctional Facility. We reverse and remand for further proceedings.

Iheme's complaint was prepared using a court-provided form for 42 U.S.C. § 1983 actions, but he also invoked Title VII, 42 U.S.C. § 2000e-3. He alleged the following. In September 2011, defendant Tony Forchas terminated him from his prison job in retaliation for Iheme's complaining about racial harassment by another (white) inmate. Thereafter, Iheme was moved to a segregation unit in retaliation for his complaints and denied due process in a disciplinary proceeding due to his race. He filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in March 2012, after which he was subjected to other retaliatory actions by unspecified prison officials. These actions included placing him in detention or on restriction for no reason or for minor offenses; while in detention, denying him "all basic needs but food"; destruction or confiscation of his legal property and denial of law-library access; and denial of medical care, including a needed specialist visit.

Reviewing the complaint under 28 U.S.C. § 1915A, the magistrate judge recommended dismissal, concluding that Iheme was not entitled to relief under Title VII, and that he had not identified conduct by either defendant that stated a section 1983 claim. Iheme filed objections in which he identified additional defendants who were involved in his September 2011 retaliatory discharge and discriminatory treatment and deprivation of due process; retaliatory conduct after he filed his March 2012 EEOC charge; inhumane conditions of confinement and denial of medical care; denial of law-library access; and interference with his legal mail to impede his litigation. The district court adopted the magistrate judge's report in its entirety and dismissed the complaint.

Upon de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (de novo review of 28 U.S.C. § 1915A dismissal), we agree that Iheme's claims under Title VII were subject to dismissal. See Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991) (inmate was not "employee" under Title VII because his relationship with defendants arose from his status as inmate, not as employee).

Likewise, Iheme did not describe any conduct by defendant Warden Michelle Smith that stated a section 1983 claim against her. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (plaintiff must plead that each defendant, through defendant's own individual actions, has violated Constitution).

At this stage, however, Iheme's allegation that Forchas fired him when Iheme complained of racial harassment by a white inmate was sufficient to state a section 1983 claim. See Beaulieu v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2012) (First Amendment retaliation claim is stated when inmate alleges he engaged in protected activity, and in retaliation defendants took adverse action that would chill person of ordinary firmness from further engaging in protected activity). We also believe that Iheme's objections to the magistrate judge's report--which identified specific individuals involved in retaliatory conduct and other alleged constitutional deprivations--should have been treated as a motion for leave to amend the complaint. See Kaden v. Slykhuis, 651 F.3d 966, 968 (8th Cir. 2011) (per curiam) (on review of § 1915A dismissal, construing prisoner plaintiff's objections to magistrate judge's report as motion for leave to amend complaint); Thornton v. Phillips Cnty., Ark., 240 F.3d 728, 729 (8th Cir. 2001) (per curiam) (although complaint was properly dismissed under § 1915A for failure to state claim, inmate's objections to magistrate judge's report that made additional factual allegations against defendants should have been treated as motion to amend complaint).

Because the complaint stated a section 1983 claim against defendant Forchas, and because it appears the district court did not consider the viability of the section 1983 claims asserted against the new defendants identified in Iheme's objections, we vacate the dismissal and remand for further proceedings. On remand, Iheme should be given the opportunity to file an amended complaint that (1) names Forchas and the other defendants he claims were involved in the constitutional violations alleged in his original complaint, and (2) sets forth the specific conduct of each defendant.

_____