# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1103

_____

Romie Grady, Jr.,                            *
                                             *
           Appellant,                        *
                                             *   Appeal from the United States
     v.                                      *   District Court for the Eastern
                                             *   District of Arkansas.
D. Cross, Lt., East Arkansas                 *
Regional Unit, ADC; J. A. Greer,             *        [UNPUBLISHED]
Sgt., East Arkansas Regional Unit,           *
ADC; C. M. Harris, C. P. L. Officer,         *
East Arkansas Regional Unit; K. Duke,        *
CO-I, East Arkansas Regional Unit,           *
ADC; Pickett, CO-I, East Arkansas            *
Regional Unit, ADC; Weathers, CO-I,          *
East Arkansas Regional Unit, ADC; -          *
Evans, Grievance Officer, East               *
Arkansas Regional Unit, ADC;                 *
Juanita Mathis, Hearing Officer, East        *
Arkansas Regional Unit, ADC; F.              *
Walls, Assistant Warden, East Arkansas       *
Regional Unit, ADC; Larry Norris,            *
Director, Arkansas Department of             *
Correction,                                  *
                                             *
           Appellees.

_____

Submitted:  September 24, 2003

Filed:   October 6, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Romie Grady brought this 42 U.S.C. § 1983 action against prison and correction officials alleging that he was assaulted by prison officials in retaliation for filing grievances, and that correction officials failed to investigate the assault. Prior to service, the district court[1] dismissed the action because Mr. Grady had failed to exhaust administrative remedies.

We agree that dismissal was proper: Mr. Grady did not file and exhaust a grievance against Mr. Norris, a named defendant, before commencing this action. See 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002) (administrative exhaustion is prerequisite to § 1983 prison-conditions lawsuit even if administrative remedies are not plain, speedy, and effective, and relief inmate seeks is not available); Johnson v. Jones, Nos. 02-3775 & 02-3983, 2003 WL 21982179, at *2 (8th Cir. Aug. 2, 2003) (inmate must exhaust administrative remedies before filing suit in federal court); Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000) (per curiam) (dismissal proper where at least some of plaintiff's claims were unexhausted). Accordingly, we affirm the district court's dismissal without prejudice, and deny all pending motions.

_____

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.