# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2679

_____

Steve R. Nerness,                 *
                                           *

           Plaintiff-Appellant,      *

                                           *    Appeal from the United States

      v.                               *    District Court for the

                                           *    Northern District of Iowa.

Dan Johnson, Officer; Vern Jefferson,  *

Officer; Bryan Ellenbecker, Officer,   *      [TO BE PUBLISHED]

                                           *

           Defendants-Appellees.    *

_____

Submitted: March 14, 2005
Filed: March 18, 2005

_____

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Steve R. Nerness, proceeding pro se in the district court, filed a § 1983 claim against certain named officers whom he claimed were deliberately indifferent to his urgent medical needs during his arrest and ensuing seven-hour confinement in the local jail. Nerness also filed with the district court applications to proceed *in forma pauperis* (IFP), and for appointment of counsel. The district court denied Nerness' motion to proceed IFP because Nerness failed to include a signed affidavit identifying his assets as required by 28 U.S.C. § 1915(a)(1). The district court further dismissed his underlying § 1983 claim, without prejudice, because his complaint failed to plead that he had fully exhausted his administrative remedies. We affirm the district court's

denial of leave to proceed IFP, but reverse the district court's dismissal of Nerness' complaint for failure to exhaust administrative remedies.

We review the district court's denial of an application for leave to proceed IFP for abuse of discretion. *Forester v. California Adult Auth.*, 510 F.2d 58, 60 (8th Cir. 1975). In filing his application to proceed IFP, Nerness submitted only his 2002 federal tax returns to verify his indigence. These tax returns did not include a statement of assets nor did they otherwise qualify as an affidavit. *See* 28 U.S.C. § 1915(a)(1). We note that the district court was rather charitable when it concluded in its Initial Review Order of June 10, 2004, that Nerness' application to proceed IFP was insufficient "*as filed*" and that the district court did "not believe it [was] appropriate *at this time* to grant in forma pauperis status." (emphasis added). Even though Nerness was a pro se litigant unfamiliar with court procedure, we conclude that the district court did not abuse its discretion by requiring Nerness to follow the basic requirements of the statute.

Nerness next claims that the district court erred by dismissing his underlying § 1983 claim for failure to exhaust his administrative remedies. We review the district court's application of the Prison Litigation Reform Act (PLRA) de novo and its findings of fact for clear error. *See Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).

The PLRA's exhaustion requirement is not a heightened pleading requirement. *Wyatt*, 315 F.3d at 1117-18. This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and to prove. *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001) (citing *Chelette v. Harris*, 229 F.3d 684, 686-88 (8th Cir. 2000)). Likewise, a lack of exhaustion does not deprive federal courts of subject matter jurisdiction. *Id.* Additionally, the PLRA's exhaustion requirement only applies to "person[s] incarcerated or detained . . . ." 42 U.S.C. § 1997e(h). Accordingly, the exhaustion requirement does

not apply to plaintiffs who file § 1983 claims after being released from incarceration. *Doe v. Washington County*, 150 F.3d 920, 924 (8th Cir. 1998).

We conclude the district court erred when it applied the PLRA's exhaustion requirement to Nerness' complaint. First, he was not subject to the PLRA's exhaustion requirement because he was not a prisoner or otherwise incarcerated when he filed his complaint.[1] Second, even if he was subject to the PLRA, Nerness was under no obligation to plead exhaustion in his complaint. *See Foulk,* 262 F.3d at 697. Accordingly, the district court's application of the PLRA and its resulting dismissal of Nerness' complaint for failure to exhaust administrative remedies was an error of law.

This case is remanded to the district court for consideration consistent with this opinion and with the suggestion that the Plaintiff be permitted the option of either paying the district court filing fee in full or resubmitting a proper application to proceed in forma pauperis for the district court's further consideration.

------------------------------------------------

---

[1]We note that the record available to the district court was ambiguous as to whether Nerness was a prisoner when he filed his complaint. On appeal, however, it is now clear that he was not a prisoner.