Timothy Alan GUERRA, Appellant,

v.

Gary KEMPKER; Tony Gammon; Sara Litterst, Mail Room Supervisor; Larry Scott, Associate Superintendent; Troy Steele, Associate Superintendent; Rebecca Johnston; Susan Cox; Roger Dennison, Caseworker, Moberly Correctional Center, Moberly, Missouri; Unknown Pendurthi, Doctor of Behavioral Health Concepts, Jefferson City, MO; Unknown Sayed; A. Reddy, Sr., Doctor; A.E. Daniels; Tom Clements, Asst. Director, Missouri Department of Corrections, Jefferson City, MO; Unknown Abraham, Doctor, Correctional Medical Services, Jefferson City, MO; Ralf Salke, Regional Medical Director, Jefferson City, MO; Robert Hampton, Doctor, Moberly Correctional Center; Unknown Conoly, Doctor, Chief Medical Officer, Correctional Medical Services, Jefferson City, Missouri; Unknown Baker, Doctor, Moberly Correctional Center; Arthur S. Keiper, III, M.D., Doctor, Fulton, Missouri; Jerry Hudson, Functional Unit Manager, Moberly Correctional Center; Michael Groose, Asst. Director, Missouri Department of Corrections; Dean Minor, Functional Unit Manager, Moberly Correctional Center; Unknown Patterson, C.O.I., Moberly Correctional Center; R. Arends, C.O.I., Moberly Correctional Center; James Rockenfield, Director of Recreation, Moberly Correctional Center; Terry Winston, Constituent Services, Jefferson City, Main Offices; Cindy Wilson, Litigation Coordinator, Missouri Department of Corrections, Jefferson City Main Offices; Terry Barnes, Mail Room Supervisor, Moberly Correctional Center; Lisa Falkner, Functional Unit Manager, Moberly Correctional Center; Sherry Blattel–Dunseith, Assoc. Supt., Moberly Correctional Center; Tom Anderson, Assoc. Supt., Moberly Correctional Centera; Teresa Thornburg, Associate Supt., Moberly Correctional Center, Appellees.

No. 04–3188.

United States Court of Appeals, Eighth Circuit.

Submitted June 1, 2005.

Decided June 17, 2005.

Timothy Alan Guerra, Farmington, MO, pro se.

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

PER CURIAM.

Missouri inmate Timothy Guerra appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 complaint against defendant prison personnel for failure to exhaust administrative remedies. We reverse.

An inmate's failure to exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a), is an affirmative defense, which need not be pleaded by plaintiff, and which is subject to waiver by the defendant. *See Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir.2005) (per curiam); *Foulk v. Charrier,* 262 F.3d 687, 697 (8th Cir.2001). We disagree with the district court's conclusion that it was evident from the face of Guerra's complaint that he had

not met section 1997e(a)'s requirement, and we conclude that Guerra's complaint should not have been dismissed sua sponte on this basis. We also conclude that Guerra's complaint, while lengthy and involving numerous claims, satisfied the requirements of Federal Rule of Civil Procedure 8(a).

Accordingly, we reverse the dismissal order, and remand to the district court for further proceedings.