# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2746

_____

Mark Anthony Harris,                 *
                                     *
            Appellant,               *
                                     *    Appeal from the United States
     v.                              *    District Court for the
                                     *    Western District of Missouri.
Mike Kemna; Amy Gertz; Jean Ann      *
Johnson; Heather Townsend; Mark      *
Parkhurst; Travis Plowman; Ruby      *
Wright; Judy Huff,                   *    [UNPUBLISHED]
                                     *
            Appellees.               *

_____

Submitted: November 16, 2005
    Filed: November 29, 2005

_____

Before BYE, MAGILL, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Missouri state prisoner Mark Harris appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 claim against numerous prison officials. Harris alleged that prison officials failed to follow prison disciplinary regulations in violation of his due process

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

rights and that his sentence in disciplinary segregation violated his Eighth Amendment right to be free from cruel and unusual punishment.

Having carefully reviewed the record, we note that defendants properly raised a 42 U.S.C. § 1997e(a) lack-of-exhaustion affirmative defense, see Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (Prison Litigation Reform Act's exhaustion requirement is affirmative defense that defendant has burden to plead and prove), and the record contains no indication that Harris exhausted prison remedies as to his Eighth Amendment claim. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003) (when multiple prison-condition claims have been joined, § 1997e(a) requires that all available prison grievance remedies be exhausted as to all claims).

Accordingly, we affirm on the ground that Harris had failed to exhaust his Eighth Amendment claim at the time of filing. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) (if exhaustion is not completed at time of filing, dismissal is mandatory). We also modify the dismissal to be without prejudice. See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am., 155 F.3d 976, 978 (1998) (affirming dismissal for failure to exhaust administrative remedies, but modifying to be without prejudice).

_____