# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3724

_____

|  |  |  |
|---|---|---|
| Johnny Paul Dodson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Norris, Director, Arkansas | * | Eastern District of Arkansas. |
| Department of Correction; Ray Hobbs, | * | |
| Assistant Director, Arkansas | * | [UNPUBLISHED] |
| Department of Correction; Gaylon Lay, | * | |
| Warden, Cummins Unit, ADC; Randall | * | |
| Manus, Assistant Warden, Cummins | * | |
| Unit, ADC; Kim Luckett, Assistant | * | |
| Warden, Cummins Unit, ADC; William | * | |
| Fowler, Treatment Coordinator, | * | |
| Cummins Unit, ADC; Angela West, | * | |
| Mailroom Supervisor, Cummins Unit, | * | |
| ADC; Melody Barnett, Inmate | * | |
| Attorney; Sue Newbery, Criminal | * | |
| Justice Coordinator, Arkansas Supreme | * | |
| Court, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 30, 2006
Filed: February 22, 2006

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Johnny Dodson appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust and the court's denial of his motion for appointment of counsel.

We conclude that the district court did not err in dismissing Dodson's complaint against the prison officials for failure to exhaust, as the record does not show Dodson filed any grievances about his claims against defendants Melody Barnett, Randall Manus, Gaylon Lay, Ray Hobbs, and Larry Norris. See Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam) (prisoner must exhaust all available administrative remedies before § 1983 action can be brought with respect to prison conditions; when multiple prison claims are joined, 42 U.S.C. § 1997e(a) requires exhaustion as to all claims).

As for the claims against defendant Susan Newbery, in her capacity as Criminal Justice Coordinator for the Arkansas Supreme Court, the district court properly dismissed the claim for monetary damages with prejudice due to immunity, as Newbery was clearly acting in her official capacity. See Morstad v. Dept. of Corrs. and Rehab., 147 F.3d 741, 744 (8th Cir. 1998). Although Newbery was not immune from Dodson's requested injunctive relief, see Campbell v. Ark. Dept. of Corr., 155 F.3d 950, 962 (8th Cir. 1998), injunctive relief would be inappropriate, because Dodson failed to show, among other things, that he was faced with a threat of irreparable harm, see Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 205-06 (8th Cir. 1997).

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting in part the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

Finally, we conclude that the court did not abuse its discretion in denying the motion for appointment of counsel.  <u>See</u> <u>Abdullah v. Gunter</u>, 949 F.2d 1032, 1035 (8th Cir. 1991), <u>cert. denied</u>, 504 U.S. 930 (1992).  Accordingly, we affirm.

_____