# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1872

_____

Malik Abdul-Muhammad; Rashid    *
Ash-Sheikh Junaid,    *
   *
        Appellants,    *
   *
     v.    *
   *    Appeal from the United States
Gary Kempker; Dora B. Schriro;    *    District Court for the
Steve Long; Winfrey Dickerson;    *    Eastern District of Missouri.
Allen D. Luebbers; Pat Smith;    *
Donna Y. McCondichie; Charles R.    *
Dwyer; Thomas King; Paul Powell;    *
George Lombardi; Don Roper,    *
   *
        Appellees.    *

_____

Submitted: February 15, 2006
Filed: June 13, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and SMITH, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Missouri inmates Malik Abdul-Muhammad and Rashid Ash-Sheikh Junaid (collectively, "the plaintiffs") appeal the dismissal of their 42 U.S.C. § 1983 complaint for failure to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a). We affirm.

The plaintiffs unsuccessfully challenged a number of policies at the Potosi Correctional Center through the prison's grievance process. They later filed this action, challenging not only the policies previously grieved through the prison process, but also alleging that the individual defendants retaliated against them for filing an earlier lawsuit, "unlawfully used the grievance procedure to suppress the Muslim community," and engaged in a "conspiracy to conceal the violations of the plaintiffs['] civil rights." App. of Appellees at 15–16. The plaintiffs sought damages as well as injunctive relief.

The District Court[1] dismissed the complaint without prejudice, concluding that "[i]n the absence of specific notice" to the individual defendants during the prison grievance process, "the plaintiffs have failed to completely exhaust their claims as to each defendant named in the complaint." Mem. and Order of Feb. 8, 2005, at 5. In addition, the District Court concluded that the plaintiffs had not exhausted all available administrative remedies with respect to all of their claims before filing their complaint in federal court. See id. at 6.

On appeal, the plaintiffs argue exclusively that they were not required by § 1997e(a) to provide specific notice to each defendant during the prison grievance process because all defendants received adequate notice of the allegations "by virtue of their employment and association with the Department of Corrections." Appellants' Brief at 8. According to the plaintiffs, this notice was sufficient to provide the defendants with an opportunity to address the plaintiffs' allegations internally and thus satisfied § 1997e(a)'s requirement that all available administrative remedies be exhausted prior to filing suit in federal court.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

In several unpublished opinions, our Court has affirmed the dismissal of § 1983 complaints for failure to exhaust pursuant to § 1997e(a) based on the inmate's failure to identify by name during the grievance process each individual defendant he later sued in federal court. <u>See, e.g.</u>, <u>Dodson v. Norris</u>, No. 04-3724, 2006 WL 399108 (8th Cir. Feb. 22, 2006) (per curiam) (affirming dismissal of complaint for failure to exhaust when plaintiff did not file grievances against certain defendants named in complaint); <u>Coleman v. Kemna</u>, 83 F. App'x 140, 141 (8th Cir. 2003) (per curiam) (affirming dismissal of complaint when plaintiff did not file a grievance against a prison official named in complaint); <u>Grady v. Cross</u>, 76 F. App'x 760, 761 (8th Cir. 2003) (per curiam) (affirming dismissal because plaintiff "did not file and exhaust a grievance against . . . a named defendant" before filing complaint); <u>Love v. May</u>, 63 F. App'x 282, 283 (8th Cir. 2003) (per curiam) (affirming dismissal because plaintiff did not file grievances against three defendants named in complaint). These unpublished opinions, though not precedential, have persuasive value, and we are persuaded to hold that a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances. <u>See</u> <u>Curry v. Scott</u>, 249 F.3d 493, 505 (6th Cir. 2001) (holding that § 1997e(a) requires an inmate to identify in his grievance each individual he intends to sue). Dismissal of the complaint on this ground in the present case was proper.

In addition, when an inmate joins multiple prison-condition claims in a single complaint, as in this case, § 1997e(a) requires that the inmate exhaust all available prison grievance remedies as to all of his claims prior to filing suit in federal court. <u>Graves v. Norris</u>, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). If all available administrative remedies have not been exhausted as to all claims before the suit is filed, dismissal of the complaint is mandatory. <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003).

A careful review of the record in this case supports the District Court's conclusion that the plaintiffs did not pursue all of their claims through the prison grievance process prior to filing their complaint in federal court. The District Court determined that the plaintiffs' allegation that the defendants "violated the plaintiffs' constitutional rights by using the grievance procedure in an unlawful manner" was "an entirely separate claim that ha[d] yet to be exhausted." Mem. and Order of Feb. 8, 2005, at 6. We agree.

For the reasons stated, the District Court's dismissal of the complaint without prejudice is affirmed.

_____