# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2288

_____

Bryan Croft,                                      *
                                                  *
                    Appellant,                    *
                                                  *    Appeal from the United States
        v.                                        *    District Court for the
                                                  *    Eastern District of Missouri.
Larry Rowley; Jim Moore; Steve Long;              *
Chris Taylor; Leslie Carsey; Homer                *    [UNPUBLISHED]
Shrum; Ken Carlton; Richard Watson;               *
Michelle Actman, in their individual              *
and official capacities,                          *
                                                  *
                    Appellees.                    *

_____

Submitted: August 18, 2006
   Filed: August 23, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Bryan Croft appeals the district court's[1] grant of defendants' motion to dismiss his complaint and the court's denial of his Federal Rule of Civil Procedure 59(e) motion, in his suit brought under 42 U.S.C. § 1983 and state law.

_____

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

Having reviewed the record and appellate submissions, we agree that Croft failed to exhaust his administrative remedies, see 42 U.S.C. § 1997e(a); Abdul-Muhammad v. Kempker, 450 F.3d 350, 351-52 (8th Cir. 2006), and we also find no abuse of discretion in the district court's dismissal of Croft's post-judgment motion, see United States v. Metro St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (standard of review). We note, however, that both the dismissal of Croft's section 1983 claims for failure to exhaust, and the dismissal of his state-law claims after the district court chose not to exercise jurisdiction, should have been without prejudice. See Calico Trailer Mfg. Co. v. Ins. Co. of N. Am., 155 F.3d 976, 978 (8th Cir. 1998) (modifying dismissal for failure to exhaust administrative remedies to be dismissal without prejudice); Labickas v. Ark. State Univ., 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam) (modifying dismissal to reflect that state-law claims over which district court declined to exercise pendent jurisdiction were dismissed without prejudice).

Accordingly, we affirm the dismissal and the denial of post-judgment relief, but we modify the dismissal to be without prejudice. See 8th Cir. R. 47B.

_____