# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2271

_____

Charles B. Smith,                                  *
                                                   *
            Appellant,                             *
                                                   *
       v.                                          *
                                                   *
Unknown Corrections Officer, MSP;                  *   Appeal from the United States
Gary Campbell, Dr., CMS; Elizabeth                 *   District Court for the
Conley, Dr., CMS; Dora Schriro, Dir.,              *   Eastern District of Missouri.
MDOC; Randee Kaiser, Dir., CMS;                    *
Dave Dormire, Supt., MSP; Deborah                  *
Steinmann, RN, CMS; Lance Luria,                   *   [UNPUBLISHED]
Dir., CMS; Unknown Williams;                       *
Denise Ponder, RN, CMS; Jacinda                    *
Burch, Reg. Adm., CMS; Steve Long,                 *
Asst. Dir., MDOC; Jacques Lamour,                  *
Dr., CMS,                                          *
                                                   *
            Appellees.                             *

_____

Submitted: September 7, 2006
Filed: September 14, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Charles B. Smith appeals from an order of the district court dismissing his complaint without prejudice.

Smith filed this 42 U.S.C. § 1983 action alleging civil rights violations. Defendants Dr. Elizabeth Conley, Dr. Gary Campbell, Deborah Steinmann, and Dave Dormire moved to dismiss for failure to state a claim and for failure to exhaust administrative remedies. The district court granted defendants' motions, noting that Smith's complaint did not specifically allege full exhaustion of his administrative remedies as to each defendant, and that he did not demonstrate exhaustion of administrative remedies.

An inmate's failure to exhaust available administrative remedies, as required by 42 U.S.C. § 1997e(a), is an affirmative defense, which need not be pleaded by plaintiff. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam). We also note that it is not apparent from the face of the complaint or from the record that Smith had not met the applicable exhaustion requirements when he filed his suit. Cf. Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006) (affirming dismissal where careful review of record of case supports district court's conclusion that administrative remedies had not been exhausted before complaint was filed); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (while statute of limitations is affirmative defense, district court may properly dismiss in forma pauperis complaint before service when it is apparent from face of complaint that statute of limitations has run).

Accordingly, we reverse the district court's order, and remand to the district court for further proceedings.

_____