# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1803

_____

Dwight R. Houston,

        Appellant,

     v.

Larry Norris, Director, ADC; Greg
Harmon, Warden, East Arkansas
Regional Unit; Arkansas Department of
Correction, unknown officers, East
Arkansas Regional Unit, ADC; Max
Mobley, Deputy Director, ADC;
Correctional Medical Services,
Administrator, ADC; John Doe, 1 & 2
(1 is Correctional Medical Services
Staff) (2 is Classification Board
Members), East Arkansas Regional
Unit, ADC; Ms. Meano, Classification,
East Arkansas Regional Unit, ADC;
Holloway, Infirmary Administrator,
East Arkansas Regional Unit, ADC;
Boyd, Director of Nursing, East
Arkansas Regional Unit, ADC; Eifling,
Grievance Officer, East Arkansas
Regional Unit, ADC; C.M. Layton,
Sgt., East Arkansas Regional Unit,
ADC; R. Lederman, Sgt., East
Arkansas Regional Unit, ADC; T.
Lewis, Sgt., East Arkansas Regional
Unit, ADC; Ms. Mathis, Disciplinary
Hearing Officer, East Arkansas
Regional Unit, ADC; Sgt. Mills, East
Arkansas Regional Unit, ADC; Ms.

Appeal from the United States
District Court for the
Eastern District of Arkansas

[UNPUBLISHED]

Morris, Nurse, East Arkansas Regional   *
Unit, ADC; Dr. Plant, East Arkansas   *
Regional Unit, ADC; Lt. Thomas, East   *
Arkansas Regional Unit, ADC; Watson,  *
Assistant Warden, East Arkansas   *
Regional Unit, ADC; Sgt. Webber, East  *
Arkansas Regional Unit, ADC; Dr.   *
Yang, East Arkansas Regional Unit,   *
ADC; D. Yarbrough, Regional   *
Administrator, CMS, East Arkansas   *
Regional Unit, ADC; Ms. Yates, Nurse  *
Practitioner, East Arkansas Regional   *
Unit, ADC; Delight Plott, Nurse   *
Practitioner, East Arkansas Regional   *
Unit, ADC,   *
  *
       Appellees.   *

_____

Submitted: April 4, 2007
Filed: April 5, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Former Arkansas inmate Dwight R. Houston appeals the district court's[1] orders (1) dismissing certain defendants under 28 U.S.C. § 1915A, and denying a preliminary injunction and a temporary restraining order (TRO); and (2) granting the remaining

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

defendants' motion to reconsider their motion to dismiss for failure to exhaust administrative remedies, and dismissing the action. We affirm.

We lack jurisdiction to review the denial of a TRO, see Hamm v. Groose, 15 F.3d 110, 112-13 (8th Cir. 1994), and because Houston is no longer an inmate, the preliminary-injunction issue is moot, cf. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (claim for injunctive relief to improve prison conditions was moot when prisoner was transferred and no longer subject to those conditions). As to the dismissals under section 1915A and for failure to exhaust administrative remedies, we find no basis for reversal. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (administrative exhaustion); Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (§ 1915A). The documents that Houston offered below showed that he had not exhausted his claims when he filed his initial complaint. See Jones v. Bock, 127 S. Ct. 910, 918-19, 923 (2007) (unexhausted claims cannot be brought in court or considered). Even if Houston was prevented from fully exhausting the grievance he filed in May 2005 about his revised medical classification and job assignment, see Sergent v. Norris, 330 F.3d 1084, 1085-86 (8th Cir. 2003) (per curiam) (remedy that prison official prevents inmate from using is not available), we find that those defendants allegedly involved in the classification and job assignment were properly dismissed for lack of service of process, or for failure to state a claim. We also find no abuse of discretion in the denial of appointed counsel. See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____