# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1872

_____

| | | |
|---|---|---|
| Malik Abdul-Muhammad; Rashid Ash-Sheikh Junaid, | * * * | |
| Appellants, | * * | |
| v. | * | |
| | * | Appeal from the United States |
| Gary Kempker; Dora B. Schriro; | * | District Court for the |
| Steve Long; Winfrey Dickerson; | * | Eastern District of Missouri. |
| Allen D. Luebbers; Pat Smith; | * | |
| Donna Y. McCondichie; Charles R. | * | [PUBLISHED] |
| Dwyer; Thomas King; Paul Powell; | * | |
| George Lombardi; Don Roper, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 8, 2007
Filed: May 24, 2007

_____

Before LOKEN, Chief Judge, BOWMAN and SMITH, Circuit Judges.

_____

PER CURIAM.

In an earlier opinion, we affirmed the District Court's dismissal of the 42 U.S.C. § 1983 complaint filed by Missouri inmates Malik Abdul-Muhammad and Rashid Ash-Sheikh Junaid for failure to exhaust all available administrative remedies as required by a provision of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a). Abdul-Muhammad v. Kempker, 450 F.3d 350 (8th Cir. 2006).

We held that "a prisoner who files a complaint in federal court asserting multiple claims against multiple prison officials based on multiple prison grievances must have exhausted each claim against each defendant in at least one of the grievances." Id. at 352. In so holding, we observed that in several unpublished opinions, our Court has affirmed the dismissal of an inmate's § 1983 complaint for failure to exhaust under § 1997e(a) because the inmate failed during the prison grievance process to identify by name each individual defendant the inmate later sued in federal court. Id. at 351–52. We also reiterated that when an inmate files a single complaint alleging multiple prison-condition claims, each of the claims asserted must be properly exhausted, or § 1997e(a) requires that the complaint be dismissed in its entirety. Id. at 352.

Thereafter, Ash-Sheikh Junaid, proceeding pro se, filed a petition for a writ of certiorari with the United States Supreme Court. Abdul-Muhammad did not file a petition for a writ of certiorari, nor did he file any document with the Supreme Court indicating that he intended to join in Ash-Sheikh Junaid's petition. On April 2, 2007, the Supreme Court granted Ash-Sheikh Junaid's petition for a writ of certiorari, vacated our earlier judgment, and remanded the case for further consideration in light of the Court's decision in Jones v. Bock, 127 S. Ct. 910 (2007). Ash-Sheikh Junaid v. Kempker, 127 S. Ct. 1909 (2007). Because Ash-Sheikh Junaid was the only party who filed a petition for a writ of certiorari, and because that petition was pro se, Ash-Sheikh Junaid is the only party to benefit from the Supreme Court's order granting certiorari and remanding the case for further consideration. See, e.g., Sup. Ct. R. 12.6 ("Parties who file no document will not qualify for any relief from this Court."). Accordingly, we again affirm the District Court's dismissal of Abdul-Muhammad's claims pursuant to the reasoning in our earlier opinion, Abdul-Muhammad v. Kempker, 450 F.3d 350 (8th Cir. 2006). As instructed by the Supreme Court, we now proceed to consider the claims raised by Ash-Sheikh Junaid.

On remand, the Supreme Court instructed us to reconsider Ash-Sheikh Junaid's claims in light of Jones v. Bock, 127 S. Ct. 910 (2007). In Jones, the Supreme Court

concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievance[]" filed by an inmate. 127 S. Ct. at 923. Instead, the Court ruled that the degree of specificity required in a prison grievance "will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Id. The Court also concluded that the language of § 1997e(a) does not support a total-exhaustion requirement. Id. at 924. If an inmate fails to exhaust one or more discrete claims raised in a § 1983 complaint, the PLRA requires only that the unexhausted claim or claims be dismissed—it does not require that the complaint be dismissed in its entirety. Id. ("As a general matter, if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.").

In this case, the District Court dismissed Ash-Sheikh Junaid's claims based on his failure to properly exhaust all available administrative remedies as to each discrete claim raised in his complaint, and we affirmed. We now have the benefit of the Supreme Court's guidance in Jones. Because the District Court has not determined in the first instance which of Ash-Sheikh Junaid's claims have been properly exhausted and which of Ash-Sheikh Junaid's properly exhausted claims, if any, are meritorious, we reverse the District Court's dismissal of Ash-Sheikh Junaid's claims and remand the case for further consideration of those claims in light of the Supreme Court's decision in Jones.

_____