# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3427

_____

Harold Hobbs,

        Appellant,

v.

Harrison Foreman, Sgt., East Arkansas Regional Unit, ADC; Brenda Parker, Corporal, East Arkansas Regional Unit, ADC; Cheryl Evans, Lt., East Arkansas Regional Unit, ADC; Lamontrell Jones, C.O., East Arkansas Regional Unit, ADC; Albert Norton, CO-II, East Arkansas Regional Unit, ADC; Kathy Steward, Sgt., East Arkansas Regional Unit, ADC; Edward Eaton, CO-II, East Arkansas Regional Unit, ADC; Grant Harris, Warden, Varner Unit, ADC; Greg Harmon, Warden, East Arkansas Regional Unit, ADC; Larry Norris, Director, Arkansas Department of Correction,

        Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Appeal from the United States District Court for the Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: June 7, 2007
Filed: June 8, 2007

_____

Before MURPHY, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Harold Hobbs appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. While housed at the Varner Unit, Hobbs filed a complaint in February 2006 naming several Eastern Arkansas Regional Unit officers; Wardens Greg Harmon and Grant Harris; and Arkansas Department of Correction Director Larry Norris. He claimed Eighth Amendment violations and retaliation, alleging that certain defendant officers used excessive force during an October 19, 2005 incident; and that when Hobbs wrote a grievance about the incident, some of the officers deprived him of yard time for six months. Further, because of grievances Hobbs had filed against two guards, defendant Officer Edward Eaton twice falsely charged Hobbs with rule violations. Finally, Director Norris and Warden Harris had improperly transferred Hobbs to EARU, and Warden Harmon would not investigate a grievance.

Defendants moved for summary judgment, arguing (with supporting documentation) that Hobbs had not exhausted his administrative remedies as to the retaliatory-discipline claim against Eaton. Hobbs responded but provided no evidence that he had exhausted this claim. The magistrate judge recommended granting the summary judgment motion, noting that when multiple prison condition claims had been joined, administrative remedies had to be exhausted as to all claims. The district court adopted the magistrate judge's report over Hobbs's objections, and dismissed the lawsuit without prejudice. The court denied leave to appeal in forma pauperis (IFP), and Hobbs renews his IFP motion in this court.

We grant Hobbs's motion for leave to appeal IFP, and leave the fee-collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). As to the merits, this court reviews de novo the application of the Prison Litigation Reform Act, and for clear error any underlying findings of fact. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam). We conclude

that the district court properly dismissed the retaliatory-disciplinary claim against Eaton, given that Hobbs failed to contest defendants' evidence that he had not exhausted this claim. See Jones v. Bock, 127 S. Ct. 910, 918-19, 923 (2007) (unexhausted claims cannot be brought in court or considered). However, the court erred by dismissing the remaining claims, as defendants asserted only that the retaliatory-discipline claim against Eaton was unexhausted. The Supreme Court has recently clarified that failure to exhaust is an affirmative defense, and further, the Court has rejected a total-exhaustion rule. See id. at 921, 923-26.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

_____