# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3445

_____

Lisa Leach,                                        *
                                                   *
            Appellant,                             *
                                                   *   Appeal from the United States
      v.                                           *   District Court for the
                                                   *   Western District of Missouri.
Supt. Steven Moore; Karen Diegelman;               *
Jennifer Miller; Shilane; Turner; -                *       [UNPUBLISHED]
Rakestraw; DeCastro; Dana Meyer;                   *
Don -; Karen Jacobi; CMS, Inc.;                    *
Beverly Thompson, R.N.; Nancy                      *
Schierding; Elizabeth Conley,                      *
                                                   *
            Appellees.                             *

_____

Submitted: June 27, 2007
    Filed:   July 2, 2007

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      After Missouri inmate Lisa Leach filed a complaint under 42 U.S.C. § 1983, the district court dismissed one defendant under 28 U.S.C. § 1915A, and later dismissed the entire suit for failure to exhaust administrative remedies. Leach appeals. We grant Leach's motion for leave to proceed in forma pauperis, and leave the fee-collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). After careful review, see Cooper v. Schriro, 189 F.3d

781, 783 (8th Cir. 1999) (per curiam) (standard of review for § 1915A dismissal); Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (standard of review for application of Prison Litigation Reform Act (PLRA)), we affirm in part and reverse in part.

Specifically, we find that the section 1915A dismissal of the Missouri Department of Corrections (MDOC) Legal Department was proper. See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power is not "'person'" subject to § 1983 suit). We also find that the district court properly dismissed the claim against Dr. DeCastro, because Leach did not contest defendants' assertion that the exhausted grievance in the record preceded the treatment from Dr. De Castro underlying the instant complaint. See Jones v. Bock, 127 S. Ct. 910, 918-19, 923 (2007) (unexhausted claims cannot be brought in court or considered). While the allegations arose from the allegedly ongoing failure to provide proper care for Leach's back pain, according to Leach's complaint allegations the failures attributed to Dr. De Castro related to different time periods, to care received at a different prison, and to different wrongs. Similarly, according to Leach's complaint, the alleged actions of Nurse Beverly Thompson arose after the grievance was exhausted.

The Supreme Court has clarified, however, that a lawsuit should not be dismissed in its entirety merely because some claims are unexhausted, see Jones, 127 S. Ct. at 923-26 (rejecting total-exhaustion rule), and the remaining defendants should not have been dismissed. First, Superintendent Steven Moore, Karen Diegelman, and Jennifer Miller did not move to dismiss for failure to exhaust, and thus they should not have been dismissed on that basis. See Nerness, 401 F.3d at 876 (PLRA's exhaustion requirement is affirmantive defense that defendant has burden to plead and prove); Jones, 127 S. Ct. at 918-922 (confirming that failure to exhaust is affirmative defense).

Second, the court was not provided with the necessary information to determine whether Nurse Dana Meyer and Dr. Elizabeth Conley were named in the initial grievance that was exhausted, and if they were not, whether the omission made a difference under MDOC's policy on exhausting administrative remedies. See Abdul-Muhammad v. Kempker, 486 F.3d 444, 446 (8th Cir. 2007) (per curiam) (citing Jones v. Bock for propositions that exhaustion is not necessarily inadequate merely because individual later sued was not named in inmate's grievance, and that prison's requirements, not PLRA, define boundaries of proper exhaustion).

Finally, although Nancy Schierding, Karen Jacobi, and Drs. Shilane, Turner, and Rakestraw were not served, the complaint was dismissed before 120 days had passed, see Fed. R. Civ. P. 4(m) (providing for dismissal of complaint without prejudice if service is not made within 120 days), so Leach should be afforded the opportunity to serve these defendants on remand.

Accordingly, we reverse except as to the MDOC Legal Department, Dr. DeCastro, and Nurse Thompson, and we remand for further proceedings consistent with this opinion.

_____