# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2488

_____

Dante G. Frazier,                *
                                               *

           Appellant,         *
                                               *   Appeal from the United States
   v.                        *   District Court for the
                                               *   Southern District of Iowa.
William Winfield; Pottawattamie   *
County Jail; Carol Durham;        *       [UNPUBLISHED]
Pottawattamie County            *
Jail Administrator,             *
                                             *

           Appellees.        *

_____

Submitted: October 3, 2007
Filed: October 25, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal inmate Dante G. Frazier appeals the district court's[1] order dismissing without prejudice, for failure to exhaust administrative remedies, his 42 U.S.C. § 1983 action against employees of the Pottawattamie County Jail (PCJ), where he was held as a pretrial detainee.

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, adopting the report and recommendations of the Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa.

This court reviews de novo the application of the Prison Litigation Reform Act (PLRA), and for clear error any underlying findings of fact. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam). The prison's requirements, not the PLRA, define the boundaries of proper exhaustion. See Jones v. Bock, 127 S. Ct. 910, 922-23 (2007). We conclude the district court did not err in finding that Frazier failed to exhaust his administrative remedies. He did not dispute that (1) the grievance policy directs inmates to write to the County Sheriff or the PCJ Administrator if they are dissatisfied with PCJ Assistant Administrator Carol Durham's response to their grievances, and (2) he did not do so. There is no support for Frazier's argument that he was prevented from doing so.

Accordingly, we affirm.

_____