# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3170

_____

| | | |
|---|---|---|
| Curtis Lamar McQueen, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Susan Wickliff, Grievance Officer, | * | Eastern District of Missouri. |
| SECC; Cheryl Dowdy, Caseworker at | * | |
| SECC also known as Cheryl Johnson; | * | [UNPUBLISHED] |
| Jessee Dowdy, Guard, SECC; Glenn | * | |
| Babich, Doctor, SECC; Ron Brown, | * | |
| Nurse, SECC; Randy Wright, F.U.M., | * | |
| SECC; John Williams, F.U.M., SECC; | * | |
| Laura Vance, Asst. Supt., SECC; | * | |
| Jackie Cooper, Caseworker, SECC; | * | |
| Chuck Dwyer, Supt., SECC; Mike | * | |
| Cornell, Asst. Supt., SECC; Derek | * | |
| Hines, Major, SECC; Steve Julian, | * | |
| Investigator, SECC; Jerry Meyers, | * | |
| Captain, SECC; Jim Presson, Clothing | * | |
| Issue, SECC; Keith Mays, F.U.M., | * | |
| SECC; Thomas O'Guinn, F.U.M., | * | |
| SECC; Yolanda Moore, Caseworker, | * | |
| SECC; MCI Telephone Company; | * | |
| Correctional Medical Services; C.O.I. | * | |
| Lynn; C.O.I. Bentson, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 4, 2008
Filed: March 11, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri Department of Corrections (MDOC) inmate Curtis Lamar McQueen appeals the dismissal without prejudice of his 42 U.S.C. § 1983 action for lack of exhaustion. For the reasons that follow, we affirm in part and reverse in part, and remand for further proceedings in light of Jones v. Bock, 127 S. Ct. 910 (2007).

In January 2006, while confined at MDOC's Southeast Correctional Center (SECC), McQueen filed a civil rights complaint against numerous individuals and entities. He claimed, in relevant part, that a number of defendants retaliated against him for his litigation activities by issuing a false conduct violation, and then conspired to inhibit his use of the grievance process and to keep him in administrative segregation indefinitely to make him drop his lawsuit. He also claimed that he was wrongfully charged $89.75 as a sanction for damaged clothing, that some defendants showed deliberate indifference to his (unspecified) medical needs, and that MCI Telephone Company interfered with his parental rights by blocking a telephone line at his children's daycare center.

In March 2006, the district court reviewed McQueen's complaint under 28 U.S.C. § 1915(e)(2)(B), granted his in forma pauperis motion, and directed service of process as to most of the defendants. The court dismissed, however, McQueen's claims against SECC Assistant Superintendent Mike Cornell, Correctional Officers Lynn and Bentson, Correctional Medical Services (CMS), Dr. Glenn Babich, and Nurse Ron Brown, because McQueen's claims against them consisted merely of a reference to a prior complaint. The court also dismissed McQueen's claim against MCI for lack of an allegation that it acted under color of state law. The court later denied McQueen's motion for reconsideration or leave to amend, admonishing McQueen that he could not amend his complaint by filing affidavits.

The remaining defendants filed motions to dismiss, arguing that McQueen failed to complete MDOC's grievance process before filing suit as to most of his claims. The district court granted their motions and dismissed the complaint without prejudice in August 2006, agreeing that McQueen failed to demonstrate all of his claims had been exhausted against all of the defendants, in accordance with 42 U.S.C. § 1997e(a) and then-current case law.

Following careful review of McQueen's arguments on appeal, we conclude that the district court did not err in finding McQueen failed to state a claim against Cornell, Lynn, Bentson, CMS, Babich, and Brown, as to whom McQueen failed to allege facts, or against MCI, as to which there were no allegations it acted under color of state law or conspired to do so. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (de novo standard of review); Reasonover v. St. Louis County, Mo., 447 F.3d 569, 584 (8th Cir. 2006) (private party may be deemed state actor for purposes of § 1983 liability when party acts under color of state law); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (pro se pleading must contain specific facts supporting its conclusions). We do not agree that the court imposed a heightened pleading standard, and we observe that McQueen did not attempt to file an amended complaint after the court advised him that he could not amend his complaint by filing affidavits. In addition, the court did not abuse its discretion or otherwise commit reversible error with regard to discovery, defendants' counsel, or lack of a hearing. Cf. Meuir v. Greene County Jail Employees, 487 F.3d 1115, 1120 (8th Cir. 2007) (review of discovery rulings is both narrow and deferential, and reversal is warranted only if erroneous ruling amounted to gross abuse of discretion); O'Connor v. Jones, 946 F.2d 1395, 1399 & n.4 (8th Cir. 1991) (questioning whether district court could use its discretionary power to disqualify counsel for reasons unrelated to professional conduct, but holding that prisoner lacked standing to seek disqualification of opposing counsel on grounds offered).

As to the adequacy of McQueen's exhaustion of the prison grievance system, in January 2007 the Supreme Court held that, when prisoners fail to exhaust some but

not all of the claims asserted in their complaints, the district court should not dismiss the entire action but only the unexhausted claims, or it should allow a prisoner to file an amended complaint bringing only the exhausted claims. See Jones, 127 S. Ct. at 923-26. Thus, to the extent the district court held that the entire suit had to be dismissed because some of the claims were not exhausted against some of the defendants, it is appropriate for the district court to examine the record in the first instance to determine which claims are exhausted under the standards clarified in Jones. See Abdul-Muhammad v. Kempker, 486 F.3d 444, 446 (8th Cir. 2007) (per curiam) (citing Jones; exhaustion is not necessarily inadequate merely because individual later sued was not named in inmate's grievance: prison's requirements, not Prison Litigation Reform Act, define boundaries of proper exhaustion). We express no view as to the merits of any of McQueen's claims that the district court may find to be adequately exhausted.

Accordingly, we affirm the district court's March 2006 partial dismissal order, reverse the August 2006 judgment dismissing the balance of McQueen's complaint for incomplete exhaustion, and remand for further proceedings.

_____