# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2082

_____

| | |
|---|---|
| Luis Fargas, | * |
| | * |
| Appellant, | * |
| | * |
| v. | * Appeal from the United States |
| | * District Court for the |
| United States of America; Federal | * District of Minnesota. |
| Bureau of Prisons; Officer Vavra; | * |
| Officer Smith; Lt. Miller, FBOP | * [UNPUBLISHED] |
| Correctional Official, | * |
| | * |
| Appellees. | * |

_____

Submitted: October 2, 2009
Filed: October 13, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal inmate Luis Fargas brought suit, as relevant, under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), claiming that three officials at the Federal Medical Center in Minnesota violated his Fifth and Eighth Amendment rights. Converting defendants' motion to dismiss to a motion for

summary judgment, the district court[1] dismissed the <u>Bivens</u> claims as unexhausted. Fargas appeals.

Upon careful de novo review, we conclude defendants' unrebutted evidence showed that Fargas failed to exhaust all available administrative remedies, because he did not attempt informal resolution as required by 28 C.F.R. § 542.13(a) (before inmate submits request for administrative remedy, inmate shall first present issue of concern informally to staff, and staff shall attempt to resolve issue informally). Therefore, defendants were entitled to judgment as a matter of law on the <u>Bivens</u> claims, which were subject to dismissal. <u>See</u> 42 U.S.C. § 1997e(a) (prisoner may not bring action with respect to prison conditions under any federal law before exhausting all available administrative remedies); Fed. R. Civ. P. 56(c) (summary judgment is appropriate when there is no genuine issue as to any material fact and moving party is entitled to judgment as matter of law), (e)(2) (party opposing properly supported summary judgment motion must set out specific facts showing genuine issue for trial); <u>Jones v. Bock</u>, 549 U.S. 199, 211-24 (2007) (where failure to exhaust is pleaded as affirmative defense, unexhausted claims are subject to dismissal under § 1997e(a)); <u>Nerness v. Johnson</u>, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (exhaustion requirement under § 1997e(a) is affirmative defense that defendant has burden to plead and prove); <u>see also</u> Fed. R. Civ. P. 12(d) (if matters outside pleadings are presented and not excluded by court, motion under Rule 12(b)(6) must be treated as one for summary judgment under Rule 56).

Accordingly, we affirm, but we modify the dismissal to be without prejudice, <u>see</u> <u>Jones v. Douglas County Corr. Ctr.</u>, 306 Fed. Appx. 339, 340 (8th Cir. 2009) (unpublished per curiam).

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.