# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2722

_____

Antonio M. Robinson,

        Appellant,

v.

D. Tucker, Correctional Officer, Cummins Unit, ADC; J. Porter, Sgt., Cummins Unit, ADC; W. Straughn, Assistant Warden, Cummins Unit, ADC; Gaylon Lay, Warden, Cummins Unit, ADC; Larry Norris, Director, Arkansas Department of Correction; James Blackmon, Dr., Cummins Unit, ADC; Barbara Collins, LPN, Cummins Unit, ADC,

        Appellees.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Arkansas.
\*
\*    [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted: October 29, 2009
Filed: October 30, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Former Arkansas inmate Antonio M. Robinson appeals the District Court's[1] dismissal of his 42 U.S.C. § 1983 lawsuit, which arose from an attack by another inmate when both were incarcerated. Upon careful review of the record, we conclude that the District Court did not abuse its discretion in denying Robinson appointment of counsel. See Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (noting there is no statutory or constitutional right to appointment of counsel in civil cases and explaining factors to be considered when ruling on motion for appointment of counsel). We also hold that the dismissal of defendants Dr. James Blackmon and LPN Barbara Collins was required because Robinson failed to exhaust his administrative remedies as to his claims against them. See Abdul-Muhammad v. Kempker, 486 F.3d 444, 446 (8th Cir. 2007) (per curiam). Further, the District Court properly concluded, following an evidentiary hearing, that Robinson's case against the remaining defendants would not survive a motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. See Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135–36 (8th Cir. 1993). Finally, the court did not abuse its discretion by implicitly declining to exercise supplemental jurisdiction over Robinson's state-law claims once all the claims over which it had original jurisdiction were dismissed. See Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998). We therefore affirm, but we amend the dismissal of the claims against Dr. Blackmon and Nurse Collins and the dismissal of the state-law claims to be without prejudice.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.