# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-1562
_____

Corey M. Turner

*Plaintiff - Appellant*

v.

Sheriff Jason Watson, Clark County, Arkansas; John Doe, Chief at the Clark
County Detention Center; Administrator Derrick Barnes; Nurse Cassie

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs
_____

Submitted: September 4, 2020
Filed: September 14, 2020
[Unpublished]
_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Corey M. Turner appeals the district court's adverse grant of
summary judgment in his 42 U.S.C. § 1983 action. Reviewing the district's court
grant of summary judgment de novo, viewing the record in a light most favorable to

Turner, and drawing all reasonable inferences in his favor, see Murchison v. Rogers, 779 F.3d 882, 886–87 (8th Cir. 2015), we affirm in part and reverse in part.

Regarding Turner's claims arising from a delay in sending him to a hospital when he exhibited serious symptoms, we agree with the district court that his individual-capacity claims fail, as the record shows that none of the named defendants were involved in the delay. See, e.g., Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (prison supervisors cannot be held liable under § 1983 on respondeat-superior theory). We further agree that the record does not support Turner's official-capacity claims because there is insufficient evidence showing a county practice or custom that conflicted with the county's written policy on managing medical emergencies. See Johnson v. Douglas Cnty. Med. Dep't, 725 F.3d 825, 828-29 (8th Cir. 2013) (single deviation from written, official policy does not establish conflicting custom).

As to the claim based on Turner's alleged non-receipt of blood pressure medication, the district court concluded that Turner had failed to exhaust his administrative remedies prior to filing suit, as required under the Prison Litigation Reform Act (PLRA). See 42 U.S.C. § 1997e(a). The requirements of § 1997e "unambiguously appl[y] to only those suits filed by prisoners" as defined in § 1997e(h). See Doe ex rel. Doe v. Washington Cnty., 150 F.3d 920, 924 (8th Cir. 1998). It is the status of the individual at the time of filing suit that determines whether the individual is a "prisoner" for purposes of § 1997e. See Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam) (basing § 1997e analysis on whether plaintiff was in prison when he filed his complaint). Thus, "the exhaustion requirement does not apply to plaintiffs who file § 1983 claims after being released from incarceration." Id.

The district court docket shows that Turner filed his complaint on August 6, 2018 and that he "was not incarcerated at this time." Neither party challenges the accuracy of these docket entries. As Turner was not "incarcerated or detained in any

facility" when he filed suit, § 1997e(h), the PLRA's mandate that he exhaust his administrative remedies does not apply to him. Because the district court did not reach the merits of Turner's blood-pressure-medication claim, we remand the case for further consideration on this claim. The district court's judgment is otherwise affirmed.

_____